Quincy T. MOORE *v.* STATE of Arkansas

5427                                        447 S. W. 2d 124

Opinion delivered November 17, 1969

*E. V. Trimble,* for appellant.

*Joe Purcell,* Attorney General; *Don Langston* and *Mike Wilson,* Asst. Attys. Gen., for appellee.

Carleton Harris, Chief Justice. This appeal questions the sufficiency of the evidence to sustain a conviction on a charge of burglary and grand larceny; it is also contended that the testimony of an accomplice was not corroborated. Quincy T. Moore received a sentence of eight years upon the two charges, five for burglary, and three for grand larceny, the sentences to run consecutively. Evidence on the part of the state consisted of the testimony of Theopolis T. Green, the accomplice, Sheriff Courtney Langston, M. B. Brannon, a deputy sheriff, L. A. Gannon, Thomas Ishmael, Willie Reeves, and Glen McLendon. The burglary apparently took place on Sunday, April 30, around 10:00 or 10:30 A.M. Green testified that he and Moore went into the home of Ishmael, after Moore stated that the people

were away from the house, and took several articles. Green took a shotgun, rifle, and two silver dollars. He did not see Moore take a pistol,[1] but the two went to the home of Gannon, and pawned one of the guns for $10.00.[2] Gannon said that Green and another man came to his house for the purpose of pawning the gun, and he "believed" that Moore was the person accompanying Green. Willie Reeves, a grocery store operator, living about 2½ miles from Ishmael, testified that he saw the two between 9:30 and 9:45 A.M. on Sunday morning at his store, and that they were riding in a Ford automobile with a racing stripe down the side of it. Ishmael stated that he left home on April 30, and when he returned from Sunday School, he found his house ransacked, and the two guns and a pistol missing. Glen McLendon, about 10:00 A.M. on the Sunday morning, observed a Ford with black marks on the side parked between two houses near Ishmael's home. After the arrest of Moore, appellant's father brought the pistol to the sheriff's office.

Moore denied going into Ishmael's house, but admitted that he was with Green when the two went to Gannon's home. Appellant said that Green unlocked the trunk of his car, got out a gun, and they went to the house where Green pawned it. After his arrest, Moore told the sheriff that the pistol was at his (appellant's) house, and appellant told his father to deliver it to the sheriff. Appellant said that he told the officer that Green had left it at his (Moore's) home. The evidence was clearly sufficient to sustain a conviction.

As to the contention that Green's testimony was not corroborated, it might first be said that there was no request by appellant for an instruction concerning the evidence of Green, and we have held that it is the

[1]The pistol is referred to in the record, both as a .32 caliber, and as a .38, but it is clear that these references are to the same pistol.

[2]Gannon testified that it was pawned for $11.75.

duty of a defendant to make such a request of the court, if he desires an instruction of the law as to an accomplice, and, if no request is made, the matter cannot be complained of on appeal. *Slinkard* v. *State,* 193 Ark. 765, 103 S. W. 2d 50.

Be that as it may, Green's testimony was sufficiently corroborated. Appellant's presence in the vicinity of the burglary, and with Green, at the approximate time of the burglary, has already been mentioned. Mainly, Moore was in possession of the stolen pistol, and, after being arrested, asked his father to deliver it to the officers. These facts were entirely independent from Green's statement, and they connected Moore with the crime.

We find no merit in appellant's contentions.

Affirmed.